**UNITED STATES v. SANSONE.**
No. 279, Docket 22725.

United States Court of Appeals
Second Circuit.

Argued June 3, 1953.

Decided Aug. 18, 1953.

from January, 1949, to August, 1951, was of the following pattern. Joseph Orsini, who was a leader in a group which had been illegally dealing in narcotics both in this country and abroad, became acquainted with a man named LaFitte when both were being detained on Ellis Island by the Immigration authorities. Orsini proposed that LaFitte join with him and others in the group in the unlawful business and LaFitte ostensibly consented to that. LaFitte however got in touch with a narcotics agent, Guiliani, and, unknown to Orsini, informed Guiliani of what was afoot. Thereafter he acted under Guiliani's instructions, being released from Ellis Island on parole to be the better able to work as an informer.

After having failed in his attempt to purchase narcotics from one man to whom Orsini sent him, LaFitte succeeded in buying one-fourth of a kilogram of heroin from another whose name Orsini also gave him. Orsini then complained that the price paid was too high and said he would put LaFitte in touch with his French people. Through leads supplied by Orsini, LaFitte then met the appellant, who was unwilling to believe Orsini had sent him until later when LaFitte obtained a letter of introduction from Orsini. Then appellant accepted LaFitte as a safe man with whom to deal and promised to arrange for the sale of narcotics to him. Before he sold LaFitte any, however, he and others were arrested.

Frederick H. Block, New York City, for appellant.

J. Edward Lumbard, Jr., U. S. Atty. for Southern District of New York, New York City, William Esbitt, Robert P. Patterson, Jr., Asst. U. S. Attys., New York City, of counsel, for appellee.

Before CHASE, CLARK and FRANK, Circuit Judges.

PER CURIAM.

After trial by jury, the appellant was found guilty of violating Title 18 U.S.C. § 371, in that he conspired with Joseph Orsini, Francois Spirito and others to import and sell heroin in contravention of the laws of the United States. He relies for reversal solely on trial errors, one of which was so prejudicial that, despite attempts of the trial judge to cure it, the judgment must be reversed and we will confine this opinion to that.

The conspiracy which, as disclosed by the government's evidence, was in existence

The appellant, testifying in his own behalf, denied meeting LaFitte except once at his apartment, which was the time of their first meeting according to LaFitte. He denied his participation in the conspiracy as charged, denied any acquaintance with Orsini except a casual one, and denied that he had ever seen Orsini's letter of introduction which LaFitte said he had used to allay the appellant's suspicion of him.

The error above mentioned was made when narcotics agent, Guiliani, testifying as a witness for the prosecution, was asked about a conversation he had had with one Giannini who had been indicted as a co-

conspirator with the appellant and others but who had not been arrested. Over the strenuous objection of counsel for the appellant, the witness was permitted to testify that in June 1951 Giannini had told him that he had "gone straight" and was in the vitamin business but that he knew about a "mob of traffickers" in narcotics led by Orsini and Spirito, and that they had recently brought in between ten and twenty kilograms of heroin and disposed of it illegally in the City of New York. Guiliani also testified that Giannini then told him that the appellant was the courier for this "mob" and described him very accurately. When this evidence was admitted, the judge explained at some length in the presence of the jury why it was in his opinion admissible and in that way considerable emphasis was, inadvertently of course, put upon it. Seven days later when evidence for the defense was being introduced he explained to the jury that he had reconsidered and determined that the evidence of what Giannini told to Guiliani was inadmissible. He instructed the jury to disregard it in a rather long statement which again inevitably impressed it upon the minds of the jurors. A motion for a new trial was then made and denied. Again in the charge the attention of the jury was called to this error and again instructions to ignore what Giannini had said were given.

■ Such statements by Giannini were not made by a conspirator in furtherance of the conspiracy charged in the indictment and were inadmissible. Krulewitch v. United States, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790. They were extremely prejudicial hearsay and we can not help but

feel that what was done to do away with the harmful effect of the error failed of its purpose, coming so late and, indeed, so much being made of it.

■ Whether cautionary instructions to the jury to disregard prejudicial evidence erroneously admitted will cure the error depends, of course, upon the nature of it and the circumstances in each instance. When it cannot with reasonable certainty be shown that the harm has been undone a reversal is required. See Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557. We think so much harm was done that it isn't reasonable to conclude that it was eradicated in the ways attempted for that seems to be asking of the laymen composing the jury something which was well nigh impossible. Cf. Delaney v. United States, 1 Cir., 199 F.2d 107.

Could we be sure that the jury was not substantially influenced adversely to the appellant, the judgment might be upheld— "But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, a conviction cannot stand." Kotteakos v. United States, supra, 328 U.S. at page 765, 66 S.Ct. at page 1248.

Judgment reversed and cause remanded.