UNITED STATES of America

v.

Jerry JACANGELO, Appellant.

No. 13111.

United States Court of Appeals Third Circuit.

Argued June 6, 1960.

Decided July 26, 1960.

George R. Sommer, Newark, N. J., for appellant.

Daniel E. Isles, Asst. U. S. Atty., Newark, N. J. (Chester A. Weidenburner, U. S. Atty., Newark, N. J., on the brief), for appellee.

Before BIGGS, Chief Judge, and HASTIE and FORMAN, Circuit Judges.

HASTIE, Circuit Judge.

Appellant Jacangelo and another man were tried together and convicted of conspiracy to transport forged "bondified" money orders in interstate commerce. Appellant was also convicted of the substantive offense of illegal transportation of the money orders. By far the most impressive and damaging evidence of Jacangelo's guilt, indeed, the only evidence unequivocally connecting him with the essential interstate transportation of the money orders, was an elaborate written confession, which had been signed by his codefendant after the termination of the alleged conspiracy. This confession described the alleged criminal enterprise in detail and pictured Jacangelo as the moving and principal party throughout. Certainly, if this confession is disregarded, the government's case against Jacangelo is weak.

Beyond its disclosures about the offense charged, the codefendant's confession contained a statement that Jacangelo was unwilling to cash the money orders himself because he was "on probation" and "on bail". Nevertheless, over Jacangelo's objection the entire statement, without any deletion whatever, was read to the jury, albeit with emphatic and repeated admonition that it should be considered only against the codefendant who had signed it. A motion for mistrial, on the ground that the jury had been told in effect that Jacangelo had been convicted of and charged with other crimes, was denied. In these circumstances we must determine whether there was error in permitting the entire statement to go to the jury.

It is familiar learning that any statement made by a conspirator in furtherance of the conspiracy and during its pendency is admissible against each coconspirator, provided a foundation has been laid by independent proof of the conspiracy. Clune v. United States, 1895, 159 U.S. 590, 593, 16 S.Ct. 125, 40 L.Ed. 269; Logan v. United States, 1892, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429. See Krulewitch v. United States, 1949, 336 U. S. 440, 443, 69 S.Ct. 716, 93 L.Ed. 790. However, any incriminating statement made by a conspirator after termination of the conspiracy is his admission alone.

At that stage, no theory of agency, such as is invoked to characterize verbal acts during and in furtherance of a conspiracy, can justify charging one recent conspirator with the admission of another. Such a statement is unquestionably inadmissible hearsay as against anyone but its author. Nevertheless, when the author of such a confession and another whom it implicates are tried together the courts have rather generally permitted the jury to hear and consider the statement as evidence against its author with an admonition that it is to be disregarded as evidence against the codefendant. E. g., United States v. Gottfried, 2 Cir., 1948, 165 F.2d 360; Rich v. United States, 1 Cir., 1933, 62 F.2d 638. Until recently the Supreme Court adhered to this position despite its recognition that in many cases the accompanying admonition is likely to be no more than ritualistic counsel of psychologically impossible behavior. Blumenthal v. United States, 1947, 332 U.S. 539, 559, 68 S.Ct. 248, 92 L.Ed. 154.[1] But in Delli Paoli v. United States, 1957, 352 U.S. 232, 77 S. Ct. 294, 1 L.Ed.2d 278, while a bare majority of the Court held that such restrictive admission of a hearsay statement of a codefendant was not, without more, reversible error, the opinion of the Court nevertheless emphasized the particular circumstances of the case in such a way as clearly to imply that other circumstances would have produced a different result. Delli Paoli involved a joint trial in which petitioner and four other codefendants were convicted of conspiring to deal unlawfully in alcohol. The postconspiracy confession of one of the defendants contained assertions implicating the petitioner. It was admitted with explicit instructions that it be considered only in determining the guilt or innocence of its author.

■ It is noteworthy that the only objection to this statement as evidence against the codefendant was its hearsay character. The same assertions from the lips of a witness on the stand would clearly have been admissible against all defendants. Moreover, as the Court pointed out in Delli Paoli, there was no practical way of deleting the references to the codefendant and leaving the substance of the confession intact. And finally, the Court emphasized that so much of the statement as incriminated the codefendant merely corroborated other uncontradicted testimony implicating the codefendant and thus was essentially cumulative.

The opposite is true in the present case. First, both in its detailed account of Jacangelo's alleged participation in the charged interstate criminal enterprise and in its collateral indication of his involvement in other unrelated crimes, this confession contained much new and very damaging information about the appellant. It was in no sense cumulative or merely corroborative of what the government had already established.

■ Second, the evidence of involvement in other crimes was intrinsically inadmissible as highly prejudicial information about a collateral matter not connected with the offense charged. Brown v. United States, 3 Cir., 1936, 83 F.2d 383; Helton v. United States, 5 Cir., 1955, 221 F.2d 338. This was a far more serious matter than the technical objection to the statement as hearsay. To inform the jury of prior crimes of a defendant is, in the view of the Supreme Court, so improper and so prejudicial

1. "The naive assumption that prejudicial effects can be overcome by instructions to the jury * * * all practicing lawyers know to be unmitigated fiction." Mr. Justice Jackson, concurring in Krulewitch v. United States, 1949, 336 U.S. 440, 453, 69 S.Ct. 716, 723, 93 L. Ed. 790. For other expressions of skepticism as to the effectiveness of such admonitions, see the observations of Judge Learned Hand in United States v. Gottfried, supra, 165 F.2d at page 367, and Nash v. United States, 2 Cir., 1932, 54 F.2d 1006, 1007. See also the statistical evidence that such instruction only serves to make the forbidden evidence weigh more heavily with the jury, presented in Comment, 1957, 24 Chicago L. Rev. 710, 713.

that a mistrial must be declared, even when the jurors assert that they can and will disregard that information. Marshall v. United States, 1959, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250.

Third, and in our view very significantly, it would have been a simple and effective procedure merely to delete from the confession before its submission to the jury the one sentence stating that Jacangelo was "on probation" and "on bail". The continuity would not have been destroyed. The author's admission of his own wrongdoing and his narration of the essential facts of the alleged conspiracy would not have been distorted or changed in any significant way. There would simply have been a proper elimination of a prejudicial collateral disclosure about Jacangelo without any attendant interference with the intended and appropriate use of the confession. In this respect this case is different not only from the Delli Paoli case, but also from those cases in which a witness unexpectedly blurts out something incompetent and prejudicial. E. g., United States v. Henderson, 7 Cir., 1950, 185 F.2d 189. There the judge must make the often difficult choice between ordering an expensive and time consuming new trial, on the one hand, and on the other, the also unsatisfactory expedient of merely telling the jurors to disregard what they have heard. Here, the problem of prejudicial information about other crimes could have been eliminated by a few strokes of a pen.

At best, even without the evidence of prior crime, appellant was subjected to a serious risk of prejudice through having a hearsay statement of his participation in the alleged conspiracy read to the jury, despite the accompanying admonition. Whether this, considered alone, was in the present circumstances a risk lawfully imposed on him under the Delli Paoli rationale we need not decide. In any event, we think he should not have been subjected to additional risk of unwarranted harm through the pointless and wholly unnecessary disclosure of his prior complicity in crime. Therefore,

scrupulous concern that criminal jury trials be safeguarded as far as possible against prejudicial influences dictates that the appellant be granted a new trial.

■ Only brief mention need be made of an entirely different point urged by appellant. He argues that the indictment does not adequately charge that the prohibited acts were done with requisite criminal intent. We find no merit in this contention. The indictment charges that appellant "willfully, fraudulently and unlawfully" transported each "bondified" money order knowing that "the said bondified money order had been falsely made and forged". We think this plainly charges evil intent, bad motive and awareness of wrongdoing.

The conviction and sentence will be set aside and the cause remanded for further proceedings consistent with this opinion.