Joe **HILL**, Jr., Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 20544.

United States Court of Appeals
Fifth Circuit.

March 12, 1964.

Rehearing Denied April 13, 1964.

Armis E. Hawkins, Houston, Miss., for appellant.

H. M. Ray, U. S. Atty., Oxford, Miss., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and GEWIN, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction for possession of untaxed whiskey. The question presented is "Was the appellant unlawfully entrapped?"

Morris, a government agent, hired Odum to assist in the apprehension and conviction of appellant. Odum was paid $10.00 per day and Morris promised that he would try to get him a $300 reward if appellant was caught. Odum made about three purchases from appellant, then carried two agents to appellant's place to facilitate their purchases from appellant.

Prior to the trial, the government informed appellant of the identity of the informer Odum. Appellant filed a motion to suppress the evidence, and the trial judge carried the motion with the case. Also prior to the trial, appellant attempted to get a hearing in chambers for the purpose of showing that the informer was paid on a contingent fee arrangement, but the trial judge refused to allow such hearing. Another motion was made for a hearing out of the presence of the jury on the competency of the government's witness. This too was refused. At the trial, the two agents testified, but the government did not put on Odum. Appellant then put on Odum who testified as to his contingent pay arrangement. In rebuttal, the government put on the agent who had hired Odum. This agent testified that the reason he had investigated the appellant was (1) his past record, and (2) numerous complaints had been received from neighbors. The court then overruled the motion to suppress, and the jury found appellant guilty.

Appellant relies heavily on the Fifth Circuit case of Williamson v. United States, 311 F.2d 441. There this court stated:

"Without some such justification or explanation, we cannot sanction a contingent fee agreement to produce evidence against particular named

defendants as to crimes not yet committed. Such an arrangement might tend to a 'frame up,' or to cause an informer to induce or persuade innocent persons to commit crimes which they had no previous intent or purpose to commit. The opportunities for abuse are too obvious to require elaboration."

Appellant says that had the hearing on the competency of the witnesses (the two agents) been held, it would have shown that the evidence, being obtained by the unlawful entrapment, was not admissible; or at least it would have placed the burden on the government to justify the contingent fee arrangement of the informer prior to putting on the two witnesses.

Appellee contends that entrapment is a jury issue, and the main question is "Was appellant predisposed to do the act anyhow?" Here the evidence clearly shows he was, and the jury so found.

In Williamson, this court held that when an informer is paid on a contingent basis, there must be some explanation for using such a system. The court went on to say that prior knowledge that the accused is committing the unlawful act might be a sufficient explanation. Such prior knowledge was present in this case.

■ The prerequisite conditions set forth in the Williamson case to the use of evidence obtained by an informer paid on a contingent basis were adequately met here. Appellant was not injured by the fact that these prerequisites were met after introduction of the evidence, that is, in rebuttal, rather than prior to the testimony of the two agents.

■ The requirements of the applicable cases were adequately met when the government showed, as it did here, that (1) accused had a past record (in this case there were past convictions for the same offense), and (2) that neighbors had informed and complained to an agent of the accused's activities. Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; Masciale v. United States, 356 U.S. 386, 387, 78 S.Ct. 827, 2 L.Ed.2d 859; Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848.

No reversible error appearing, the judgment is

Affirmed.