Henry MAESTAS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7716.

United States Court of Appeals Tenth Circuit.

Feb. 18, 1965.

Walter L. Gerash, Denver, Colo., for appellant.

Donald P. MacDonald, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U. S. Atty., Denver, Colo., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges.

SETH, Circuit Judge.

This is an appeal from a conviction in the United States District Court for the District of Colorado on two counts of a four count indictment for the unlawful sale of narcotics in violation of 21 U.S.C.A. § 174.

The appellant urges that he is entitled to reversal on the following grounds:

1. The court erred when it denied his motion for judgment of acquittal, in that the officers entrapped him as a matter of law by the use of an informer or special employee paid on a contingent fee basis.

2. The court's instructions on entrapment were erroneous and misleading.

3. The court erred in denying the defendant's five motions for mistrial, based on testimony showing prior imprisonment and on evidence of unrelated criminal activity.

4. The court erred in not quashing the indictment. No minutes were available and perhaps none had been kept of the grand jury proceedings and their unavailability, he asserts, denied his rights under the Fifth and Sixth Amendments.

5. That 21 U.S.C.A. § 174 is unconstitutional in that it creates certain presumptions of guilty intent, implies essential elements of the offense, and forces the defendant to take the witness stand.

Appellant Maestas was convicted on charges stemming from sales of narcotics to an agent of the Federal Bureau of Narcotics. The sales were arranged by Kenneth Martinez, an informer or "special employee" of the Bureau of Narcotics, who was acquainted with Maestas. One of the terms of Martinez' employment was that he was to be paid on a "contingent" or "bonus" basis in amounts varying with the importance to the Bureau of the individual who was arrested on the basis of his assistance. Martinez, knowing that Maestas had been a user of narcotics, informed the Bureau that narcotics might be purchased from him. Agent Parks was then assigned to purchase narcotics from several suspects including Maestas. The

agent was introduced to Maestas by Martinez as a friend.

Four contacts with appellant occurred before the first purchase was made. On the first contact, appellant indicated that he was willing to supply the narcotics but had exhausted his entire supply the day before. The agent and Martinez were told to call in a couple of days. On the second contact, appellant stated that he had not received a new shipment but to call him again in a couple of days. On making the third contact, Martinez and Parks were told that the supply still had not arrived, but they were given the name of a man in Pueblo from whom the narcotics could be obtained. The next day appellant gave them instructions on how to locate the man in Pueblo, adding that his own supply would be in within a week and to contact him then. About a week later the first purchase was made from the appellant, followed two days later by a second purchase. During all the contacts shown in the record, the agent accompanied Martinez.

■ Appellant asserts that he was entrapped. However the uncontradicted testimony in the record before us reveals a willingness of the appellant to sell narcotics when presented with an opportunity to do so. The only reason he gave for not selling on the several contacts was that his supply had been exhausted, and he requested the informer and the agent in each instance to contact him at a later time. Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859; Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848.

■ Heavy reliance is placed by the appellant on Williamson v. United States, 311 F.2d 441 (5th Cir.), where contingent fee payment to informers was condemned unless some justification or explanation was shown. In a later case the same court held that where the accused had a record of convictions for the same offense and neighbors had complained of the accused's activities, the Government had sustained its burden of providing some "justification or explanation" for use of an informer on a contingency basis. Hill v. United States, 328 F.2d 988 (5th Cir.). Thus the requirement in Williamson v. United States, supra, that the Government show some "justification or explanation" would appear to refer to a "justification or explanation" for using a "special employee" to produce evidence, and not to a "justification or explanation" for paying such an employee on a contingency basis.

■ With a contingency fee arrangement with an informer, the likelihood that an entrapment will result is probably greater than otherwise, hence it may demand that the circumstances be examined more carefully by the trial court. In the case at bar, however, there is clear and uncontradicted testimony demonstrating that no prohibited entrapment occurred. This being so, there was no issue of entrapment to submit to the jury and an analysis of the instructions would serve no purpose.

The appellant also urges that the trial court erred in overruling his motions for mistrial. Two of the motions were based on answers which showed appellant's prior imprisonment. Both answers were made during cross-examination of Martinez, the informer. Counsel for the appellant asked Martinez, "When you first met Henry Maestas, did you discover at that time that he was a user of narcotics?" To this Martinez responded, "Well, they used to get quite a bit. I mean, they used to get a quantity of it inside the penitentiary." Counsel immediately moved for a mistrial, which motion was overruled, the answer stricken, and the jury instructed to disregard it. The court then proceeded to lecture the witness on the proper way to answer questions. Shortly thereafter Martinez was asked, "How soon after you got this idea of trying to make a buy or trying to have Henry sell you the narcotics did you actually contact Henry? How long?" He replied, "Well,

we—I found out when he got out of the penitentiary. * * * " Counsel's motion for mistrial was denied, the answer was stricken, the jury instructed to disregard the answer, and again the witness was cautioned to be responsive. It is clear that neither of the answers referring to appellant's imprisonment was responsive.

The remaining three motions for mistrial were based on answers which allegedly showed unrelated criminal activity. In the first instance the motion for mistrial was denied with the suggestion that Government counsel not inquire into such matters. In each of the following two instances, the answer was stricken and the jury instructed to disregard it.

■ The question of whether to declare a mistrial is of course a matter within the discretion of the lower court since it is in a better position to judge the effect which incompetent evidence might have upon the jury. Also, it is the general rule that error in the admission of evidence under most circumstances may be cured by withdrawing the evidence from the jury's consideration and instructing the jury to disregard it. Holt v. United States, 94 F. 2d 90 (10th Cir.). However, as an exception to the general rule, where the character of the testimony is such that it will create so strong an impression on the minds of the jurors that they will be unable to disregard it in their consideration of the case, although admonished to do so, a mistrial should be ordered. Holt v. United States, supra; Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250; United States v. Jacangelo, 281 F.2d 574 (3d Cir.).

■ Evidence or allegations of prior crimes are inadmissible at a criminal trial either to establish guilt or to show a propensity on the part of the defendant to commit the crime with which he is charged. Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168; Boyd v. United States, 142 U.S. 450, 12 S.Ct. 292, 35 L.Ed. 1077.

■ Martinez' unresponsive references to the defendant's prior confinement in a penitentiary could not help but have had a strong prejudicial effect on the jury. There was not merely a single reference to it, but a similar statement was made a second time following the stern warning given to the witness by the court. The jury certainly was then impressed with the appellant's imprisonment. Surely, this information can hardly be said to have influenced the jurors any less than would the same information obtained from newspaper stories or the confession of a co-defendant considered in the cited cases.

■ Appellant next urges that the trial court erred in refusing to quash the indictment by reason of the absence of minutes of the grand jury proceedings. The appellant had previously filed a motion to produce the minutes of the grand jury which had indicted him; however, the motion was withdrawn. Subsequently, Maestas filed a motion to quash the indictment on the grounds that no minutes had been kept of the proceedings. This motion was properly denied. No authority is presented as to why the indictment should be quashed merely by reason of an absence of minutes, and furthermore there was no showing of a need to examine the minutes or any prejudice to appellant.

■ In order to sustain a claimed denial of constitutional rights, one must demonstrate a legal injury, and this appellant has failed to do. In order to secure an examination of the grand jury minutes, a defendant must make a showing of "particularized need." See Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323; Dennis v. United States, 302 F.2d 5 (10th Cir.); Bary v. United States, 292 F.2d 53 (10th Cir.). Even if the appellant's motion to quash in this cause is considered as a renewal of his motion to produce the minutes of the grand jury, there is still no showing of "particularized need," and hence no showing of any prejudice or injury

resulting from the fact no minutes were available.

Finally, the appellant attacks the constitutionality of 21 U.S.C.A. § 174 as creating presumptions of essential elements of the offense. This issue has been resolved against him. Lucero v. United States, 311 F.2d 457 (10th Cir.); Griego v. United States, 298 F. 2d 845 (10th Cir.).

It was error for the trial court not to grant appellant's motion for a mistrial based on the references by a witness to appellant's imprisonment.

Reversed and remanded for a new trial.