GOVERNMENT OF THE VIRGIN ISLANDS

v.

STANFORD OLIVER, appellant

No. 15,505

United States Court of Appeals

Third Circuit

Argued February 2, 1966

Decided May 13, 1966

*See, also, 360 F.2d 297*

JOHN J. MARSH, ESQ. (YOUNG, ISHERWOOD & MARSH), Christiansted, St. Croix, Virgin Islands, *for appellant*

JOHN E. STOUT, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before KALODNER, *Chief Judge* and MARIS and HASTIE, *Circuit Judges*

KALODNER, *Chief Judge*

### OPINION OF THE COURT

Following a jury trial, defendant was found guilty on a two-count Information charging Assault in the First Degree (14 V.I.C. § 295(1)), and Escape from Custody (14 V.I.C. § 661) on February 10, 1965.

The critical issue[1] presented on this appeal from the judgment of sentence is whether prejudicial error was committed by reason of reference at the trial to crimes of assault and escape from custody committed by the defendant prior to February 10, 1965.

Testimony adduced by the Government sought to establish that on the night of February 10, 1965 the defendant

---

[1] Our disposition makes unnecessary consideration of other points presented on this appeal.

stabbed his girl friend, Eudora Douglas, with a knife after threatening to kill her, and that after he was placed under arrest by policemen at the scene of the assault he effected his escape and was recaptured after being shot down.

The record discloses that the United States Attorney in his opening statement to the jury said:

"Now, Eudora Douglas and Stanford Oliver, the evidence will show you, were friends in kind of a common law relationship on the British island on which they lived. They both came here [St. Croix, Virgin Islands] together and continued in that same relationship. Then certain difficulties arose between them and *Oliver committed an assault on her. Now for this, he was brought before the Municipal Court and was placed on probation.* Then, he did certain acts with respect to her of which she complained to the probation officer which then caused him to be taken back into custody until the probation officer could make a determination of what his recommendation would be. So, *Mr. Oliver was in custody at police headquarters, the local jail. At about five o'clock in the afternoon of the same day in which he was taken into custody, while he—together with some other prisoners—were out in the yard for a period of recreation and fresh air, Mr. Oliver ran away.*" (emphasis supplied)

Counsel for the defendant immediately moved for a mistrial claiming the remarks to have been prejudicial. The request was denied.

It must immediately be noted with reference to this opening statement that the events to which it related preceded the knifing, arrest and escape which occurred on the evening of February 10th, at about 10 p.m. and were the basis of the present information.

In the course of the Government's case, one Samuel Bough, a deputy probation officer, testified he was "supervising" the defendant on February 10, 1965, and that as a result of a report made to him by Eudora Douglas "that the defendant had threatened to kill her" he "had the accused brought in by my order" for questioning. Objection made by the defendant's counsel to this testimony was overruled.

Two police officers who arrested the defendant following the knifing episode on the night of February 10, 1965 testified that at about 10 p.m. they were searching for "the person who had gotten away in the afternoon" when they happened to arrive at the scene following the assault.

The trial court in its charge to the jury instructed it that "the statements made by the lawyers for both parties do not constitute evidence in this case."

■ ■ We are of the opinion that prejudicial error was committed when the United States Attorney made reference in his opening statement to the defendant's prior arrest for assault and his escape from custody after being brought in for questioning by the deputy probation officer, and that the error was aggravated when further reference was made to these prior events by the probation officer.

■ It is settled that "evidence of other offenses is inadmissible in a criminal prosecution for a particular crime" when such evidence is designed "to show a mere propensity or disposition on the part of the defendant to commit the crime." United States v. Stirone, 262 F.2d 571, 576 (3 Cir. 1959), rev'd on other grounds, 361 U.S. 212 (1960).

As we said in United States v. Sweeney, 262 F.2d 272 (1959) at page 277:

". . . the rule which prohibits the showing of other crimes is for the protection of a defendant. It is . . . easy to slip from the trial of a man for a particular offense to the trial of his character generally. If the testimony of other offenses does no more than show propensity to commit a given crime it is error to admit it."

■ The rule and its rationale were succinctly stated as follows in Michelson v. United States, 335 U.S. 469 (1948) at pages 475–476:

"Courts that follow the common-law tradition almost unanimously have come to disallow resort by the prosecution to any kind of evidence of a defendant's evil character to establish a probability of his guilt. Not that the law invests the defendant with a presumption of good character, Greer v. United States, 245 U.S. 559,

but it simply closes the whole matter of character, disposition and reputation on the prosecution's case-in-chief. The state may not show defendant's prior trouble with the law, specific criminal acts, or ill name among his neighbors, even though such facts might logically be persuasive that he is by propensity a probable perpetrator of the crime. The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge. The over-riding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice."

The rule stated applies to statements made by the prosecutor in his address to the jury as well as to testimony as to the commission of prior offenses. Hall v. United States, 150 U.S. 76, 81, 82 (1893); United States v. Laudani, 134 F.2d 847, 852 (3 Cir. 1943), rev'd on other grounds, 320 U.S. 548 (1944).

The prosecutor's opening statement to the jury, earlier detailed, can only be construed as intending to indicate the defendant's "propensity or disposition" to commit the crimes of assault and escape from custody on the evening of February 10, 1965, charged in the Information. Since the settled rule proscribes introduction of evidence designed "to show a mere propensity or disposition on the part of the defendant to commit the crime", and extends to statements made by the prosecutor, prejudicial error was committed requiring the granting of the defendant's motion for a mistrial which was made following the conclusion of the prosecutor's statement. And as we earlier said, the stated prejudicial error was further aggravated by the probation officer's testimony.

The cases cited by the United States Attorney in support of his contention that his statement and the probation officer's testimony were permissible or inapposite and do not merit discussion.

■ ■ The trial court's admonition to the jury, in its charge, that "you must know that the statements made by the lawyers for both parties do not constitute evidence in this case" did not correct the prejudicial error committed in the prosecutor's opening statement.

As we said in United States v. Clarke, 343 F.2d 90 (1965) at page 93:

"It is one thing to 'strike' evidence from the notes of testimony; it is something else again to 'strike' its searing impress from a juror's mind."

It cannot be gainsaid here that the prosecutor's statement that the defendant had committed an assault on Eudora Douglas, and escaped from custody, prior to the assault and escape charged in the Information, could well have had a "searing impress" on a juror's mind.

As was said in Kotteakos v. United States, 328 U.S. 750, 765 (1946), where inadmissible evidence had been presented to the jury and the judgment of conviction was reversed for that reason:

". . . if one cannot say, *with fair assurance*, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, *it is impossible to conclude that substantial rights were not affected.* The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. *It is rather,* even so, *whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.*" (emphasis supplied)

In the instant case the Information in Count 1 charged that the defendant "did wilfully and unlawfully, and with intent to commit Murder, commit an assault upon the person of one Eudora Douglas, by inflicting several wounds about her body with a sharp instrument", and the jury found the defendant guilty of the offense charged. It had the choice, as the trial court properly charged, of finding him guilty of the lesser offense of aggravated assault had

it concluded that there was absent the element of the "intent to commit Murder". Or it could have conceivably only found him guilty of simple assault and battery, as the trial court charged, if it concluded that only that crime was established by the evidence. The jury's finding that the defendant was guilty of an assault with intent to commit murder might well have been influenced by the evidence of his earlier wrongdoing and the criminal propensity which that evidence indicated.

As already indicated, it cannot be said "with fair assurance" that the jury's verdict here was "not substantially swayed" by the prosecutor's statement and the probation officer's testimony, and thus " it is impossible to conclude that substantial rights were not affected."

For the reasons stated the judgment of sentence will be vacated and the cause remanded to the District Court with direction to grant a new trial.