**UNITED STATES of America**

v.

**Charles Patrick CARNEY et al.**

**Appeal of Francis Clinton MAHON, Jr. No. 71–1965.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) March 17, 1972.

Decided May 31, 1972.

C. Waggaman Berl, Jr., Wilmington, Del., for appellant.

Richard D. Levin, Asst. U. S. Atty., Wilmington, Del., for appellee.

Before ROSENN and ROSEN, Circuit Judges, and VAN ARTSDALEN, District Judge.

## OPINION OF THE COURT

PER CURIAM:

■ Appellant, Francis Clinton Mahon, Jr., was convicted of conspiracy. Title 18 U.S.C.A. § 371 (1966). The conspiracy charge arose from the interstate transportation of forged securities. One substantial issue has been raised in this appeal.[1]

John Blandford, indicted as a co-conspirator, was called and testified as a government witness. The final questions and answers on his direct examination were as follows:

"Q  Do you like Francis Mahon?

A  No, I don't.

Q  Why are you testifying today?

A  Because it is the truth and I think it ought to be told.

Q  Why don't you like Mr. Mahon?

A  Francis Mahon tried to kill myself and my two children."

The trial judge immediately called a side-bar conference, during which conference defense moved for a mistrial. During the side-bar conference the government's attorney explained that he asked the questions "because there was prejudice being shown" but that he "had no knowledge of the answer" that Blandford was going to give. The motion for a mistrial was denied. The trial judge then told the jury: "I am ordering the last question and answer stricken from the record and you should consider neither that question nor the partial answer that was given."

Blandford's testimony was essential to the case against Mahon. The answer was directly responsive. The testimony would indicate to the jury that Mahon was a malevolent, violent and dangerous character. Even worse, the testimony could

---

1.  Appellant's appointed counsel filed a brief asserting various trial errors. Appellant presented a pro se brief which raised no additional issues having any merit and need not be further considered.

be interpreted in no other way than a factual statement by the witness that the defendant had committed serious crimes constituting, as a minimum, attempted multiple homicides. Any possible inference that could be drawn from the answer would be totally unrelated and irrelevant to the charge for which the defendant was being tried. The prejudice to the defendant, if considered at all by the jury, is too obvious to require extended discussion. The testimony was clearly inadmissible. The government does not contend that it was.

In United States v. Stirone, 262 F.2d 571, 576 (3rd Cir. 1958), Judge Goodrich noted that the general rule as stated by most courts excludes evidence of other offenses in criminal prosecutions. Because of several well recognized exceptions, Judge Goodrich suggested that the rule be stated "a little less mechanically." He formulated the rule for this circuit as follows:

"Evidence of other offenses may be received if relevant for any purpose other than to show a mere propensity or disposition on the part of the defendant to commit the crime." *Id.*

Chief Judge Kalodner in Government of Virgin Islands v. Oliver, 360 F.2d 297 (3rd Cir. 1966), held "[i]t is settled 'that evidence of other offenses is inadmissible in a criminal prosecution for a particular crime' when such evidence is designed 'to show a mere propensity or disposition on the part of the defendant to commit the crime.'" Id. at 299, quoting United States v. Stirone, 262 F.2d 571, 576 (3rd Cir. 1959), rev'd on other grounds, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). See also Boyd v. United States, 142 U.S. 450, 12 S.Ct. 292, 35 L.Ed. 1077 (1892); United States v. Sweeney, 262 F.2d 272 (3rd Cir. 1959).

The government's position is that the prompt action taken by the trial judge in directing the jury not to consider the question and answer dispelled any prejudice, and the testimony in any event constituted no more than "harmless error." We do not agree.

Rule 52(a) of the Federal Rules of Criminal Procedure (1971) provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." The appropriate tests in determining whether this so-called "harmless error" rule is to be applied are set forth in Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946):

"If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and judgment should stand, except perhaps where the departure is from a constitutional norm or a specific command of Congress. Bruno v. United States, supra [308 U.S. 287], at 294 [60 S.Ct. 198, 84 L.Ed. 257]. But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by error. It is rather even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand." Id. at 764–765, 66 S.Ct. at 1248.

■ A jury is ordinarily assumed to follow clear instructions from the trial judge. Spencer v. Texas, 385 U.S. 554, 562–563, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); Michelson v. United States, 335 U.S. 469, 485, 69 S.Ct. 213, 93 L.Ed. 168 (1948).[2] Where, however, potential prej-

---

2. Mr. Justice Jackson in the concurring opinion in Krulewitch v. United States, 336 U.S. 440, 453, 69 S.Ct. 716, 93 L.Ed. 790 (1949)—"The naive assumption that prejudicial effects can be overcome by instructions to the jury . . . all practicing lawyers know to be unmitigated fiction." Quoted in Spencer v. Texas, 384 U.S. 554, 575, 87 S.Ct. 648, 659, 17 L.Ed.2d 606 (1967) (Chief Justice Warren concurring).

udice is such that there is inherent danger that jurors, in determining the issues, may be unable or unwilling to erase from their minds that which has improperly come to their attention, no instructions or admonitions by the trial judge will suffice. The only appropriate remedy in such a situation is to declare a mistrial. Throckmorton v. Holt, 180 U. S. 552, 21 S.Ct. 474, 45 L.Ed. 663 (1901); Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

Many convictions have been invalidated because the jurors improperly obtained information either directly or indirectly, that defendant had committed some other totally unrelated crime. Explicit directions by the trial judge to the jurors to disregard such information has frequently been held insufficient to cure the probable prejudice. *E. g.*, United States v. Nemeth, 430 F.2d 704 (6th Cir. 1970); United States v. Clarke, 343 F.2d 90 (3rd Cir. 1965); Maestas v. United States, 341 F.2d 493 (10th Cir. 1965). In United States v. Jacangelo, 281 F.2d 574 (3rd Cir. 1960), references in the co-defendant's confession that defendant was "on bail" and "on probation" at the time of the alleged offense was held to be reversible as indicating commission of a prior unrelated crime. In Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959), newspaper reports of the defendant's prior criminal record, read by seven of the jurors, all of whom expressly told the trial judge that this knowledge would not influence their decision, nevertheless required the grant of a new trial.

The Supreme Court in Krulewitch v. United States, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949) makes clear that the "harmless error" doctrine must be determined upon consideration of all of the factors and circumstances of the particular case, applying the tests set forth in *Kotteakos, supra.* In the present case, there was no overwhelming evidence of guilt;[3] defendant's veracity was not in issue as he did not testify;[4] the prosecutor elicited the testimony on direct examination and the testimony could easily have been eliminated by the prosecutor not asking the obviously risky question "why";[5] there was no possible theory of relevance; and defense counsel moved promptly for a mistrial.[6] After careful review of the whole record, we are unable to say, with fair assurance, that the judgment was not substantially swayed by Blandford's answer, despite the admonition by the judge to the jury to disregard the answer. At best, we are left in grave doubt. It was not "harmless error" for the jury to hear this testimony, and the prompt admonition to disregard it failed to correct the "harm."

The judgment of the district court is reversed and the case is remanded for a new trial.

---

3. Cf. United States v. Ferrone, 438 F.2d 381, 386 (3rd Cir. 1971), where there was overwhelming evidence of guilt.

4. Cf. United States v. Gray, (3rd Cir. 1972). Slip Opinion 71–1430, filed March 6, 1972 [Rehearing Granted March 29, 1972; Opinion En Banc Oct. 3, 1972], where the defendant testified.

5. Cf. United States v. Jacangelo, *supra,* where improper evidence could easily have been deleted before presentation to the jury.

6. Cf. United States v. Panepinto, 430 F.2d 613, 617 (3rd Cir. 1970), where counsel delayed in objecting and moving to strike.