**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Willie Ray TAYLOR,**
**Defendant-Appellant.**

**No. 78–1525.**

United States Court of Appeals,
Tenth Circuit.

Argued Sept. 10, 1979.

Decided Sept. 27, 1979.

Edwin L. Gage of Robinson, Locke & Gage, Muskogee, Okl., for defendant-appellant.

John R. Osgood, Asst. U.S. Atty., Muskogee, Okl. (Julian K. Fite, U.S. Atty., Muskogee, Okl., with him on brief), for plaintiff-appellee.

Before McWILLIAMS, BREITENSTEIN and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

This is an appeal by Willie Ray Taylor from his conviction by a jury for robbery of a federally insured bank, in violation of 18 U.S.C. § 2113(a) and (d).

The questions on appeal concern the sufficiency of the evidence to support the

guilty verdict and the necessity for a mistrial after a prosecution witness remarked he had previously "worked a case on" Taylor. Error is also alleged in connection with the prosecution's offer into evidence of a ski mask found after the robbery; the trial court rejected the evidence. From our examination of the record we find this assignment of error to be insubstantial and do not treat it further.

Two men, Kenneth DeWayne Calloway and defendant's brother Anthony Taylor, were identified by eyewitnesses as having robbed a bank in Morris, Oklahoma. Calloway was immediately apprehended with money in hand and pleaded guilty. Anthony Taylor stood trial and was convicted. Both testified in the instant case, admitting that a third person was involved in the robbery, but denying it was defendant Willie Ray Taylor.

The evidence tying defendant to the robbery was wholly circumstantial. On the morning of the robbery he had borrowed the van used as a getaway vehicle from its owner, a girl friend of another brother. The van was parked near the bank at the time of the robbery and was started up as Anthony Taylor entered it from the passenger side, thus indicating the existence of a third accomplice. The vehicle was found shortly after the robbery in a parking lot at Oklahoma State Tech in Okmulgee. Two sets of footprints ran from a road just two blocks from the parked van, through fresh snow across a field about one-half mile to the back door of the residence where the Taylors were apprehended. There were no other footprints in the field or anywhere around the house. No car tracks were seen in the dirt driveway in front of the residence. During a search of the house defendant was found under blankets in a bed, wearing pants the legs of which were wet halfway to his knees. The bed was wet, and two pairs of wet boots were in the closet. The search yielded most of the money taken in the robbery. No persons other than Anthony and Willie Ray Taylor were found inside.

Defendant testified on his own behalf that he used the borrowed van to take his sisters to school in the early morning, and then drove his brother Anthony to the house to begin repair work on it; thereafter Anthony borrowed the van which he did not return until after the robbery. Defendant also declared that he went to sleep, getting up only to turn on the water outside and put out a fire; when Anthony returned defendant thought he heard someone come in with him but did not get out of bed to check.

Anthony Taylor, called as a government witness, admitted that he originally denied his own involvement in the crime and implicated his brother Willie Ray when questioned by the FBI. He testified at trial, however, that a man named William Hill from Wichita, Kansas, participated in the robbery, escaped to the Taylor house, took a handful of the money, and retraced his steps through his footprints in the back lawn. Taylor stated that Hill then walked down the railroad tracks running parallel to the back of the house to his car parked across the road and drove away. Anthony Taylor claimed to have gotten the bed wet when he laid down on it after running through the snow. Calloway, as a defense witness, admitted the robbery and stated his partners were Anthony Taylor and a man known to him only as Bo.

Our review of the record convinces us that the evidence against defendant, although entirely circumstantial, is sufficient to support the conviction for bank robbery.

The only substantial question raised by this appeal is whether the court erred in its denial of a mistrial after a police witness testified he had previously "worked a case on Willie Ray Taylor." The trial judge excluded the evidence and admonished the jury, but refused to declare a mistrial.

The standard for ruling on a motion for mistrial was set down long ago in *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824). The Supreme Court held that "courts of justice . . . [may] dis-

charge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." *Id.* at 580, 6 L.Ed. 165. Of course, "in the varying and often unique situations arising during the course of a criminal trial," a mechanical formula for the grant or denial of a mistrial is impossible to apply. *Illinois v. Somerville*, 410 U.S. 458, 462, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). But we have consistently recognized that the trial court is in the best position to gauge probable impact upon the jury of the improper material, and thus its judgment is entitled to considerable deference. *Brown v. United States*, 380 F.2d 477 (10th Cir. 1967).

■ This Court has considered the necessity for a mistrial based on evidence of prior misconduct in many cases. *E. g., United States v. Walton*, 552 F.2d 1354 (10th Cir.), *cert. denied*, 431 U.S. 959 (1977); *Sumrall v. United States*, 360 F.2d 311 (10th Cir. 1966); *Lawrence v. United States*, 357 F.2d 434 (10th Cir. 1966); *Maestas v. United States*, 341 F.2d 493 (10th Cir. 1965). Three major factors emerge. Mistrial is most likely to become necessary when the evidence is admitted, indicates on its face that defendant has been guilty of a prior crime, and the evidence plays a prominent part in the conduct of the trial. Conversely, prejudicial error is least likely to occur when the evidence is excluded, the jury is instructed to disregard it, and the reference is both vague and passing in nature.

■ Here, the judge prohibited further reference to the previous case involving defendant and immediately cautioned the jury not to consider the comment during its deliberations. Such an instruction serves to lessen the impact of an improper statement, rendering the drastic remedy of mistrial less necessary. *McBride v. United States*, 409 F.2d 1046 (10th Cir.), *cert. dismissed*, 396 U.S. 938, 90 S.Ct. 282, 24 L.Ed.2d 240 (1969).

More significantly, the meaning of the officer's statement that he had previously "worked a case on" defendant is ambiguous. It does not unmistakably convey to the jury the information that defendant is a convicted criminal as would a "mug-shot." *See, e. g., Barnes v. United States*, 124 U.S.App. D.C. 318, 365 F.2d 509 (D.C.Cir. 1966).

While the evidence cannot be considered overwhelming, it is more than adequate to sustain the conviction. The reference to the unspecified past case was both fleeting and insignificant in the context of the evidence as a whole. The trial judge ruled the statement inadmissible and took all steps possible short of requiring a new trial to reduce its impact. We conclude from the record before us that the trial court was confronted with no manifest necessity to declare a mistrial.

Accordingly, the judgment of the district court is AFFIRMED.