**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Edward LAYMON, Defendant-Appellant.**

**No. 79–1492.**

United States Court of Appeals, Tenth Circuit.

Argued April 14, 1980.

Decided May 2, 1980.

Bill Settle, Settle & Landrum, Muskogee, Okl., for defendant-appellant.

Mark F. Green, Asst. U. S. Atty. (Julian K. Fite, U. S. Atty., Muskogee, Okl., on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, and LOGAN and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

James Laymon was convicted of possession of a firearm in violation of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. App. § 1202(a)(1). We affirm the conviction.

Three members of the Durant, Oklahoma police department answered a call in the early morning to investigate a car parked in the lot of a convenience store with its lights on, and with an apparently unconscious man lying in the front seat. The officers discovered Laymon asleep, and aroused him by knocking on the car window. They noticed the clear outline of a gun in his pocket. Laymon was arrested for public intoxication and carrying a concealed weapon.

Although the state charges against Laymon were subsequently dismissed, the Durant police notified the Bureau of Alcohol, Tobacco and Firearms, which conducted an investigation. After a trial, Laymon was convicted of violating 18 U.S.C. App. § 1202(a)(1), which provides in pertinent part:

"(a) Any person who—

(1) has been convicted by a court of the United States or of a state or any political subdivision thereof of a felony

. . .

and who receives, possesses, or transports in commerce or affecting commerce . . . any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

On appeal, Laymon contends the trial court erred in failing to grant his motion for mistrial based on the prejudicial statement of a witness. He also contends that the government failed to prove (1) a connection between his possession of the gun and interstate commerce, and (2) that he possessed the weapon with criminal intent.

## I.

### Denial of a Mistrial

During the trial, one of the arresting Durant officers testified that at the time of the arrest he knew Laymon was a felon. When asked how he knew, he answered that Laymon had been convicted of shooting a town marshal. Laymon's counsel promptly moved for a mistrial, contending that Laymon was prejudiced by the police officer's statement that the victim of Laymon's prior felony conviction was a marshal. The court denied the motion and instructed the jury that although it could properly consider the former felony conviction as an essential element of the government's case, any identification of the victim of the prior felony was to be completely disregarded.

Laymon had been convicted of first degree manslaughter in the prior case. While he necessarily must agree that the manslaughter conviction itself was properly before the jury, he argues that the curative instruction to disregard the victim's identity could not erase the effect upon the jury of the prejudicial statement.

■ Whether a motion for mistrial should be granted is within the discretion of the trial judge because he is in the best position to evaluate the effect of the offending evidence on the jury. *United States v. Taylor*, 605 F.2d 1177 (10th Cir. 1979); *Brown v. United States*, 380 F.2d 477 (10th Cir. 1967). The general rule is that the effect of improper evidence may be remedied by admonishing the jury to disregard and by withdrawing the evidence. *Rogers v. United States*, 411 F.2d 228 (10th Cir. 1969). In *Taylor*, *Rogers*, and *Brown*, improper references to prior convictions

were considered effectively cured by admonition.

We recognize there are cases where the prejudicial effect cannot be erased because the evidence is of such a nature that it necessarily interferes with the jury's impartial consideration of other evidence. *See Lawrence v. United States*, 357 F.2d 434 (10th Cir. 1966); *Maestas v. United States*, 341 F.2d 493 (10th Cir. 1965). However, while these cases consider the effect upon the jury of improper testimony regarding the defendant's past criminal activity, it is important to note that none involves a violation of 18 U.S.C. App. § 1202(a)(1).

■ Under section 1202(a)(1), the defendant's prior felony conviction is an element of the crime that must be proved beyond a reasonable doubt. In *United States v. Turner*, 565 F.2d 539 (8th Cir. 1977), a prosecution under this Act, evidence of both the existence and nature of defendant's prior felony conviction was presented to the jury. The court found the evidence describing the felony to be improper but not unduly prejudicial in view of the substantial evidence of the defendant's guilt. In another 1202(a)(1) prosecution, *United States v. Kalama*, 549 F.2d 594 (9th Cir. 1976), *cert. denied*, 429 U.S. 1110, 97 S.Ct. 1147, 51 L.Ed.2d 564 (1977), a reference to the nature of the defendant's prior murder conviction was also held to be harmless.

"It is fundamental that a party seeking reversal must establish that alleged trial errors were prejudicial." *Neu v. Grant*, 548 F.2d 281, 286 (10th Cir. 1977). We hold that the improper reference to the victim's identity in the present case was harmless error in view of the ample evidence of Laymon's guilt and the court's admonition to the jury to disregard the reference.

## II.

### Sufficiency of the Evidence

Laymon's contention that the government failed to show the requisite connection between interstate commerce and his possession of the firearm is without merit. In *United States v. Bass*, 404 U.S. 336, 92

S.Ct. 515, 30 L.Ed.2d 488 (1971), the Supreme Court did hold there must be proof of a nexus between possession and commerce in order to support a conviction under section 1202(a). However, in the later case of *Scarborough v. United States*, 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977), the Court reviewed the language in *Bass* and specifically held the requirement to be met by evidence that the firearm traveled in interstate commerce *at some time* prior to defendant's possession. *Cf. United States v. Kilburn*, 596 F.2d 928 (10th Cir. 1978), *cert. denied*, 440 U.S. 966, 99 S.Ct. 1517, 59 L.Ed.2d 782 (1979), where this court reached the same conclusion in construing 18 U.S.C. § 922(h).[1]

The evidence produced by the government here established that the firearm in question was manufactured in Arkansas before its purchase by the Oklahoma retailer. Under the minimal requirement in *Scarborough*, this evidence is sufficient proof that the firearm traveled in interstate commerce prior to the defendant's possession.

Laymon's argument that the government failed to prove the element of intent required by the statute is also without merit. Section 1202(a)(1) contains no language relating to "intent." In construing an analogous statute, the National Firearms Act, 26 U.S.C. § 5841 *et seq.*, the Supreme Court held that the only required intent is knowledge that the instrument possessed is a firearm. *United States v. Freed*, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971).

In *United States v. Wiley*, 478 F.2d 415 (8th Cir. 1973), *cert. denied*, 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974), the court applied the *Freed* rationale to a prosecution for a section 1202(a) violation and held that the statute was satisfied if the defendant knew what he possessed was a gun. *See also United States v. Powell*, 513 F.2d 1249

(8th Cir. 1975); *United States v. Crow*, 439 F.2d 1193 (9th Cir. 1971), *vacated on other grounds*, 404 U.S. 1009, 92 S.Ct. 687, 30 L.Ed.2d 657 (1972). This court has reached the same result by implication. *United States v. Henry*, 504 F.2d 1335, 1338 (10th Cir. 1974). *Cf. United States v. Kilburn*, 596 F.2d at 934.

Since Laymon admitted knowledge that the instrument in his possession was a gun, Rec., vol. II, at 62, we conclude the intent requirement of the statute is satisfied.

Affirmed.

---

1. Section 922 provides in pertinent part:
 (h) It shall be unlawful for any person—
 (1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

\* \* \* \* \* \*

to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."