947 F.2d 955
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Herbert VIGIL, Petitioner-Appellant,
v.
Henry SOLANO; Attorney General for the State of Colorado,
Respondents-Appellees.
 No. 91-1234.
 United States Court of Appeals, Tenth Circuit.
 Nov. 8, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Vigil appeals the dismissal of his habeas petition.
 
 
 3
 Mr. Vigil was convicted of first degree arson in state court as a result of his role in setting fire to the home of the sheriff.
 
 
 4
 Mr. Vigil exhausted his state remedies and filed his petition for habeas relief in the United States District Court. In his habeas petition, Mr. Vigil asserted two constitutional errors relating to his state court conviction: (1) alleged prejudicial communication to a juror; and (2) selective and discriminatory prosecution.
 
 
 5
 Three people, including Mr. Vigil, were involved in the arson of the sheriff's home. One (a close friend of the sheriff) was granted immunity and in turn testified against Mr. Vigil. It should be noted that Mr. Vigil is the sheriff's cousin. The other participant fled and was never apprehended. During Mr. Vigil's trial, the sheriff's uncle was seen conversing with one of the jurors.
 
 
 6
 The district court referred the matter to a magistrate judge who filed an eight-page Recommendation concluding the habeas petition lacked merit and should be dismissed. Objections were filed and the district judge considered the objections and dismissed the petition concluding: (1) no juror bias had been demonstrated in view of the fact that the juror involved had been excused and the remaining panel members had been interrogated and could not have overheard or understood the conversation; and (2) no discriminatory purpose or intent was shown to support the claim of selective prosecution.
 
 
 7
 On appeal, Mr. Vigil asserts error in that: (1) the comments made by the sheriff's uncle "cannot be found beyond a reasonable doubt to have not contributed to Vigil's guilty verdict; especially in light of the relative weakness of the government's case"; and (2) while he concedes he has not proven the legal requirements of discriminatory purpose or intent, he makes an impassioned plea arguing that as the two primary culprits escaped prosecution, it is not right or fair that he, as a less culpable participant, should be prosecuted, and he asks we make a special exception due to the unique circumstances of this case.
 
 
 8
 Although one juror was arguably exposed to improper extraneous influence, the trial judge dismissed that juror upon learning of the impropriety and conducted an examination of the remaining jurors who might have been exposed to the communication and determined, as a matter of fact, they were not exposed to any prejudicial influence.
 
 
 9
 Mr. Vigil's two accomplices were not prosecuted; one was given immunity in return for his testimony and the other fled and has never been apprehended. No evidence exists showing Mr. Vigil was singled out for prosecution for impermissible considerations.
 
 
 10
 No reason exists for us to repeat all the facts or the law as they have been properly set forth in the magistrate judge's Recommendation of April 17, 1991, and the district court's Order of May 28, 1991, both of which are attached hereto.
 
 
 11
 Mr. Vigil has failed to persuade us of any error committed by the United States District Court and we AFFIRM this judgment for substantially the same reasons set forth in the attached Recommendation and Order. The mandate shall issue forthwith.
 
 ATTACHMENT
 
 12
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
 
 Civil Action No. 89-C-2115
 
 13
 Herbert Vigil, Petitioner,
 
 
 14
 v.
 
 
 15
 Henry Solano and the Attorney General of Colorado, Respondents.
 
 
 16
 RECOMMENDATION BY UNITED STATES MAGISTRATE JUDGE
 
 
 17
 (April 17, 1991).
 
 
 18
 Petitioner Herbert Vigil, by counsel Dan Mohler, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. It is claimed that petitioner's constitutional rights were violated by his selective prosecution and the misconduct of a juror. Petitioner also filed a motion for an order allowing discovery on the issue of the state's decision to prosecute only him. Pursuant to Rule 605 of the Local Rules of Practice of the United States District Court for the District of Colorado, the matter was referred to Magistrate Judge Hilbert Schauer. Having considered the pleadings, state court records and oral arguments on the motion for discovery, the Magistrate Judge hereby enters the following recommendation.
 
 
 19
 Petitioner is presently on bond having been convicted on March 31, 1988 of First Degree Arson and sentenced to eight years in the Department of Corrections. Petitioner is, therefore, in constructive custody. Hensley v. Municipal Court, 411 U.S. 345 (1973). He has also exhausted state remedies, having unsuccessfully appealed these issues to the Colorado Court of Appeals and the Colorado Supreme Court.
 
 
 20
 Petitioner's first allegation is that his rights to an impartial jury trial and due process of law, as guaranteed by the Fifth and Sixth Amendments, were violated by a communication between a juror (Mr. Velasquez) and a relative of the victim. It is alleged that during recess on the second day of the trial, Mr. Velasquez, who was ultimately excused, was involved in a conversation with the victim's uncle within hearing of a juror (Mr. Vialpando) who was not excused. With regards to the incident, the Colorado Court of Appeals made the following findings of fact which accurately reflect the record:
 
 
 21
 Following a lunch recess, a defense witness observed the [victim's] uncle conversing with one of the jurors. She overheard one of the men say to the other in Spanish, '[W]e are going to crucify him.' The juror who was seen talking to the [victim's] uncle was questioned in camera about the incident, and although he denied conversing with the victim's uncle, the juror was nevertheless excused from further service. The remaining members of the panel were then questioned separately, and each juror responded that he or she did not speak Spanish and, therefore, could not understand what had transpired between the two men. Defendant moved for a mistrial, but based on the responses to the court's inquiries the motion was denied.
 
 
 22
 People v. Vigil, No. 88CA0713, slip op. at 2 (Colo.App. June 29, 1989).
 
 
 23
 In addition to the motion for a mistrial, petitioner filed a motion for a new trial based on newly discovered evidence that Mr. Vialpando may have overheard the communication. That motion was denied following a hearing, the trial court finding no clear evidence Mr. Vialpando overheard the remark. Applying the lesser standard found in Wiser v. Colorado, 732 P.2d 1139 (Colo.1987) (as opposed to the showing of actual prejudice mandated by People v. Garcia, 752 P.2d 570 (Colo.1988)), the court found "it impossible to conclude that there is a reasonable possibility that extraneous information or influence affected the verdict." (Transcript vol. III, hearing on motion for new trial, at 21).[1] In a similar fashion, the Court of Appeals affirmed the judgment finding the record devoid of evidence the jurors were influenced by the conversation and no reasonable probability the extraneous communication affected the fairness of the trial as required by Wiser. No. 88CA0713, slip op. at 3.
 
 
 24
 In a criminal case, any private communication with a juror during trial about the matter pending before the jury is deemed presumptively prejudicial. Remmer v. United States, 347 U.S. 227, 229 (1954). The burden rests on the government to establish after hearing and notice that such contact was harmless. 347 U.S. at 229. In a hearing with all parties present, the trial court should determine the circumstances, impact on the juror, and whether or not the communication was prejudicial. United States v. Gigax, 605 F.2d 507, 515 (10th Cir.1979). It is noted however, in Rushen v. Spain, 464 U.S. 114 (1983), the court recognized that an ex parte communication with a juror may be harmless. "[T]he constitution does not require a new trial every time a juror has been placed in a potentially compromising situation ... [because] it is virtually impossible to shield jurors from every contact or influence that might theoretically affect their vote." 464 U.S. at 118 (quoting Smith v. Phillips, 455 U.S. 209, 217 (1982)).
 
 
 25
 In the present case, the trial court conducted a Remmer type in camera hearing during the trial after a witness reported overhearing the ex parte communication. Two witnesses and Mr. Velasquez were examined by all parties and Mr. Velasquez was excused. Each juror was polled separately and each stated he or she did not hear the communication. (Vol. II at 163-85). Petitioner then moved for a mistrial, stating "its just a feeling" when the court asked if he was dissatisfied with the jurors' responses. (Vol. II at 186).
 
 
 26
 The trial court's decision as to how to proceed in response to allegations of juror misconduct will not be reversed except for abuse of discretion. United States v. Bradshaw, 787 F.2d 1385 (10th Cir.1986); United States v. Day, 830 F.2d 1099, 1106 (10th Cir.1987). "Whether a motion for a mistrial should be granted is within the discretion of the trial judge because he is in the best position to evaluate the effect of the offending evidence on the jury." 830 F.2d at 1106 (quoting United States v. Laymon, 621 F.2d 1051, 1053 (10th Cir.1980)). Cf. United States v. Washita Construction Co., 789 F.2d 809, 821 (10th Cir.1986) (outcome of trial not affected where juror involved in ex parte communication was dismissed). The record shows that the offending juror was excused and there was no evidence that any other juror heard the ex parte communication. It was, therefore, not an abuse of discretion for the court to deny the motion.
 
 
 27
 The court also denied the motion for a new trial because Mr. Velasquez had been excused and none of the other jurors heard the communication. Specifically, the court found that Mr. Vialpando stated that he did not hear the conversation and that he would serve fairly and impartially. The court further found that were it to assume "for purposes of this motion" that he heard the conversation, "we presume jurors perform their duties faithfully." (Vol. III at 21). "Surmise and suspicion may not be used to assail the integrity of a jury; it is presumed that jurors will be true to their oath and will conscientiously observe the instructions and admonitions of the court." United States v. Gigax, 605 F.2d 507, 515 (10th Cir.1979) (quoting Baker v. Hudspeth, 129 F.2d 779 (10th Cir.1942)). See also United States v. Radetsky, 535 F.2d 566, 570 (10th Cir.1976) (where judge questioned all potential jurors and ascertained that they would be impartial, procedure met the standards for a fair trial); United States v. Jones, 707 F.2d 1169, 1173 (10th Cir.1983), cert. denied, 464 U.S. 859 (1983) (something more than "unverified conjecture" needed where only potentially suspicious circumstances are shown).
 
 
 28
 Factual findings arising out of state court proceedings are entitled to a presumption of correctness. Rushen v. Spain, 464 U.S. 114, 120 (1983) (applicable to state-court determination that a juror's deliberations were not affected by ex parte communications); Patton v. Yount, 467 U.S. 1025, 1036-38 (1984) (trial court in best position to identify bias based on credibility or demeanor). See also Barton v. Malley, 626 F.2d 151, 156 (10th Cir.1980); Johnston v. Makowski, 823 F.2d 387, 391 (10th Cir.1987), cert. denied, 484 U.S. 1026 (1988). The Court of Appeals found, and the magistrate judge agrees, that the record fairly supports the trial court's determination that the jurors would be able to render an impartial verdict based only on the evidence and the court's instructions. Unlike the jurors in Remmer and Rushen, the offending juror did not sit on the jury so that any possible prejudice was cured. The trial court ascertained that the remaining jurors did not hear the communication and would be impartial. There was no evidence to the contrary. Under the circumstances, petitioner's allegation that he was prejudiced by juror misconduct is without merit.
 
 
 29
 Petitioner's remaining allegation is that his constitutional right to equal protection was violated by his selective prosecution. Such a claim is properly raised in a motion to the court before trial under Colo.R.Crim.Pro. 12(b)(2), and petitioner's failure to do so constitutes a waiver of that objection unless good cause is shown. Nonetheless, the state Court of Appeals held that petitioner failed to establish his selective prosecution and the undersigned agrees.
 
 
 30
 In order to prevail on a charge of selective prosecution, petitioner must prove that he was singled out for prosecution while others similarly situated were not prosecuted. United States v. Salazar, 720 F.2d 1482, 1487 (10th Cir.1983), cert. denied, 469 U.S. 1110 (1985). " '[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was [not] deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification.' " Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) (quoting Oyler v. Boyles, 368 U.S. 448, 456 (1961); Wayte v. United States, 470 U.S. 598, 608 (1985). Because selective prosecution claims are judged by equal protection standards, petitioner must show his prosecution had a discriminatory effect and was motivated by a discriminatory purpose or intent. 470 U.S. at 608.
 
 
 31
 The government retains "broad discretion" as to whom to prosecute. Wyate, 470 U.S. at 607. " '[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file ... generally rests entirely in his discretion.' " 470 U.S. at 607 (quoting Bordenkircher v. Hayes, 434 U.S. at 364). "There is a presumption that prosecution for violation of the criminal law is in good faith." United States v. Bennett, 539 F.2d 45, 54 (10th Cir.1976), cert. denied, 429 U.S. 925 (1976). Moreover, "[t]he purpose of the grant of immunity is to reach the truth, and ... [a] defendant has no standing to contest the propriety of the grant of immunity to a witness." United States v. Trammel, 583 F.2d 1166, 1168 (10th Cir.1978).
 
 
 32
 Under Barton v. Malley, 626 F.2d 151, 155 (10th Cir.1980), the petitioner must show by a preponderance of the evidence that 1) others similarly situated have not been prosecuted, and 2) his selection was based on intentional, purposeful discrimination stemming from impermissible considerations such as race, religion, or the desire to prevent the exercise of other constitutional rights. See also United States v. Amon, 669 F.2d 1351, 1356 (10th Cir.1981), cert. denied, 459 U.S. 825 (1982); United States v. Salazar, 720 F.2d at 1487.
 
 
 33
 With regard to the first prong, petitioner argues that the other participants were not prosecuted. He claims that the participant who was granted immunity is a close friend of the victim, (complaint, p. 6(b)), but fails to mention he is the victim's cousin. (Vol. III, hearing on motion to suppress, at 25). Although the participant who fled was never apprehended, there is no evidence he would not have been prosecuted as well. Further, under Trammel, he may not contest the grant of immunity to a co-defendant. Even if we were to assume the first prong is satisfied, petitioner has not shown discriminatory purpose or intent. He does not claim and the facts do not show that he is a member of any identifiable group or that he was prosecuted because of his race, religion or the exercise of a constitutional right such as free speech. Under the circumstances, petitioner's claim of selective prosecution is without merit.
 
 
 34
 In conjunction with his claim of selective prosecution, petitioner filed a motion for an order allowing discovery. Under Rule 6, discovery is allowed in habeas corpus cases for "good cause shown." Since petitioner has failed to make the requisite showing for a claim of selective prosecution, good cause does not exist for discovery.
 
 
 35
 IT IS THEREFORE RECOMMENDED that the motion be denied.
 
 
 36
 IT IS FURTHER CONCLUDED based upon a full analysis of the two claims presented in the petition for writ of habeas corpus that the claims are without merit and,
 
 
 37
 IT IS RECOMMENDED that the petition be dismissed.
 
 BY THE COURT:
 
 38
 /s/ HILBERT SCHAUER
 
 United States Magistrate Judge
 
 39
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
 
 
 40
 Case No. 89-C-2115.
 
 
 41
 Herbert Vigil, Plaintiff,
 
 
 42
 v.
 
 
 43
 Henry Solano and the Attorney General of Colorado, Defendants.
 
 
 44
 May 28, 1991.
 
 ORDER
 
 45
 CARRIGAN, District Judge.
 
 
 46
 Petitioner Herbert Vigil commenced this action under 28 U.S.C. § 2254 seeking a writ of habeas corpus. Petitioner asserts: (1) that juror misconduct at his state trial denied him due process and his right to an impartial jury as guaranteed by the Fifth and Sixth Amendments to the United States Constitution; and (2) that his right to equal protection was violated by a selective prosecution. Petitioner has filed a motion for an order allowing discovery on the latter claim.
 
 
 47
 Pursuant to D.CO.LR 605, this case was referred to Magistrate Judge Hilbert Schauer, who has reviewed the matter and prepared a recommendation. The Magistrate Judge recommends that the petition be dismissed and that the motion for an order allowing discovery be denied. Copies of both the recommendation and D.CO.LR 605 were mailed to the petitioner's attorney on April 17, 1991. On May 6, 1991, the petitioner filed objections to the Magistrate Judge's recommendation.
 
 
 48
 I have carefully reviewed the entire file, the Magistrate Judge's recommendation and the petitioner's objections. In his objections, the petitioner first argues that juror prejudice was shown at trial and that the government did not, as required, overcome the presumption of unfair prejudice. That argument is without merit. Petitioner's brief notably lacks citation to any authority demonstrating any defect in the detailed procedure used to assess juror bias, as prescribed by Remmer v. United States, 347 U.S. 227 (1954) and its progeny, and employed by the state trial court in the petitioner's case. My review of the facts and law convinces me that the conclusions of both the state courts and the Magistrate Judge are correct that no juror bias existed.
 
 
 49
 Petitioner's second and third arguments are interrelated and, I conclude, must be overruled. As to his selective prosecution claim, the petitioner, relying on Falk v. United States, 479 F.2d 616 (7th Cir.1973), asserts that the Magistrate Judge failed to apply "the better reasoned case law on point." (Objections, p. 4). The case cited, however, lends no support to the petitioner's argument. In his objections, the petitioner has ignored Wayte v. United States, 470 U.S. 598 (1985) and other controlling case law that requires dismissing his selective prosecution claim.
 
 
 50
 Finally, the Magistrate Judge has recommended denying the motion for an order allowing discovery on the selective prosecution claim because the petitioner has failed to demonstrate good cause for discovery. Because the selective prosecution claim must be dismissed in any event, the petitioner's discovery motion is moot and must be denied.
 
 Accordingly, IT IS ORDERED that:
 
 51
 (1) the Magistrate Judge's recommendation is adopted as the order of this court;
 
 
 52
 (2) the petitioner's objections to the Magistrate Judge's recommendation are overruled;
 
 
 53
 (4) the petition for writ of habeas corpus is dismissed with prejudice; and
 
 
 54
 (3) the petitioner's motion for an order allowing discovery is denied as moot.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Transcript volumes are referenced according to the typed volume numbers, not handwritten numbers