**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 28 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JEFFREY ANTONIO SALAS,

    Defendant-Appellant.

Nos. 98-4226 and
99-4002
(D.C. No. 98-CR-171-C)
(Utah)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

In January of 1998, police officers executed a search warrant at the home of Jeffrey Antonio Salas, a convicted felon. An unregistered sawed-off rifle was

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

found in a bedroom believed to be that of Mr. Salas.

Approximately one month later Mr. Salas was stopped by police for driving an unregistered car. Because the officers knew that he was driving on a suspended license, they ordered Mr. Salas out of the car, handcuffed him, and then searched the car. During the course of this stop, Mr. Salas asked why he was being handcuffed. Officer James Schmidt explained that he was being handcuffed because the officers thought he was a dangerous person, and that they thought he was dangerous because they had previously found the sawed-off rifle in his home. Mr. Salas replied, "I didn't know it was illegal to have a sawed-off rifle in my – you know, in my house." Appellant's Br., at 12. This statement was subsequently introduced against Mr. Salas at trial. A jury found Mr. Salas guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and possessing an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871. He now appeals.

First, Mr. Salas argues that statements he made to a police officer during the stop should have been suppressed because they were involuntary, made in response to custodial interrogation by the police, and made without the benefit of Miranda warnings. We review *de novo* the trial court's determination of the ultimate issue of voluntariness. *See United States v. Muniz*, 1 F.3d 1018, 1021 (10th Cir. 1993). The court's rulings with respect to factual questions, such as

whether the police behavior was likely to elicit an incriminating response, are subject to review under the clearly erroneous standard. *See id.*

Two conditions must be met before *Miranda* warnings are required. The suspect must be in custody, and the questioning must meet the legal definition of interrogation. *United States v. Perdue*, 8 F.3d 1455, 1463 (10th Cir. 1993). The Supreme Court has clarified that the term "interrogation" refers to "express questioning or its functional equivalent," including "any words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980). The Fifth Amendment does not bar the admission of volunteered statements which are freely given. *Miranda v. Arizona*, 384 U.S. 436, 478 (1966).

We are not persuaded the district court erred in deciding that Mr. Salas was not "interrogated" within the meaning of *Miranda*. Mr. Salas "was not subjected to compelling influences, psychological ploys, or direct questioning." *Arizona v. Mauro*, 481 U.S. 520, 529 (1987). "There were no accusatory statements or questions posed by law enforcement officials." *United States v. De La Luz Gallegos*, 738 F.2d 378, 380 (10th Cir. 1984). Officer Schmidt was not engaging in the functional equivalent of express questioning. He was merely answering Mr. Salas' question about the handcuffs and he could not have expected this to elicit an incriminating statement. Mr. Salas' statement was unprovoked,

spontaneous, and voluntary, and thus not the result of interrogation requiring *Miranda* warnings.[1]

Next, Mr. Salas argues that his motion for a mistrial based on improper testimony was erroneously denied. At trial, Officer Schmidt testified about his perception of Mr. Salas as a "dangerous person." He clarified that this perception was based on the fact that the sawed-off rifle had been found in Mr. Salas' home. Mr. Salas objected, and the court gave a curative instruction. Mr. Salas now contends the curative instruction was not sufficient to prevent the jury from being prejudiced by the testimony. Because the trial judge is in the best position to evaluate the effect of the offending testimony on the jury, we review the denial of Mr. Salas' motion for mistrial for abuse of discretion. *See United States v. Laymon*, 621 F.2d 1051, 1053 (10th Cir. 1980).

A cautionary instruction by the trial judge is ordinarily sufficient to cure any alleged prejudice to the defendant. *See United States v. Peveto*, 881 F.2d 844, 859 (10th Cir. 1989). A mistrial should not be ordered unless the testimony will "create so strong an impression on the minds of the jurors that they will be unable to disregard it in their consideration of the case, although admonished to do so." *Maestas v. United States*, 341 F.2d 493, 496 (10th Cir. 1965).

---

[1]Because we determine that there was no interrogation, it is unnecessary for us to reach the issue of whether Mr. Salas was in "custody" at the time he made the statement.

-4-

In this case, the evidence against Mr. Salas was strong: the officers had found the rifle in Mr. Salas' home, and there was ample evidence that the bedroom where the rifle was found was used by Mr. Salas. The prosecutor made sure that Officer Schmidt limited his explanation of why he thought of Mr. Salas as dangerous to the fact of the discovered rifle. Moreover, the trial court correctly pointed out that, without this explanation, the jury would be left wondering why Mr. Salas was handcuffed during an otherwise routine traffic stop. Finally, the court gave a limiting instruction to the jury immediately after this testimony. In light of these facts, we hold that the court did not abuse its discretion in refusing to grant a mistrial after Officer Schmidt's testimony. *See, e.g., United States v. Lopez*, 576 F.2d 840, 846 (10th Cir. 1978) (mistrial not necessary after witness made single remark that defendant was "involved in everything").

It was not error for the trial court to admit Mr. Salas' statement to Officer Schmidt into evidence. Nor did the trial court err in denying Mr. Salas' motion for a mistrial based on Officer Schmidt's testimony. Accordingly, we **AFFIRM** Mr. Salas' conviction.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-5-