52 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David Wayne CRAWFORD, Defendant-Appellant.
 No. 94-5077.
 United States Court of Appeals, Tenth Circuit.
 April 21, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have advised the court oral argument would not materially assist the determination of this appeal. After examining the briefs and record, we agree; therefore, the cause is ordered submitted without oral argument. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9.
 
 
 2
 This is an appeal from a judgment of conviction and sentence for the crime of possessing a firearm after a felony conviction. 18 U.S.C. 922(g)(1). Defendant raises three issues on appeal: 1) the court was without subject matter jurisdiction because his acts did not involve interstate commerce as required by 922(g); 2) the government abused the district court's subpoena power; and 3) the sentence was improper. We affirm.
 
 
 3
 The underlying facts of this case are well known to the parties and substantially irrelevant to the issues raised on appeal. We will not treat them here except when necessary to explain our decisional rationale.
 
 
 4
 In a broadside directed against the enactment of criminal laws since 1932, defendant postulates Congress has exceeded its legislative authority and federal courts have aided in the "power grab" in the adoption of criminal laws based upon the Commerce Clause. From that premise, he argues the district court's subject matter jurisdiction was improperly invoked under 922(g) because:
 
 
 5
 there is absolutely not a flea-speck of factual evidence in the record below to show that, when the Defendant was seated in a car at a convenience store in Tulsa, Oklahoma, which car contained some firearms, he was engaged in the interstate exchange of goods in any way, shape or form.
 
 
 6
 Defendant's argument to the contrary notwithstanding, this issue has been laid to rest by the Supreme Court in Scarborough v. United States, 431 U.S. 563, 575 (1977) ("[W]e see no indication that Congress intended to require any more than the minimal nexus that the firearm have [sic] been, at some time, in interstate commerce."). We have adhered to that concept. See United States v. Poole, 929 F.2d 1476, 1479 (10th Cir.1991); United States v. Gourley, 835 F.2d 249, 251 (10th Cir.1987), cert. denied, 486 U.S. 1010 (1988); United States v. Gregg, 803 F.2d 568, 571 (10th Cir.1986), cert. denied, 480 U.S. 920 (1987); United States v. Laymon, 621 F.2d 1051, 1053 (10th Cir.1980). The government, having established the firearms came from outside the State of Oklahoma, proved jurisdiction and satisfied its burden of proof. There is no merit in defendant's arguments. To change this rule of law, he will have to take his contention to a higher authority.
 
 
 7
 Defendant maintains the prosecution abused the court's subpoena power by interlineating subpoenas to direct witnesses to report to the United States Attorney's office rather than to the court. Assuming subpoenas were improperly altered, defendant has demonstrated no resulting prejudice that would require reversal of his conviction on this ground.
 
 
 8
 Albeit other courts have looked upon such a practice with disfavor, defendant cites no instance in which a conviction has been reversed as a consequence. Indeed, the questions of harm and reversible error have escaped his analysis.
 
 
 9
 Moreover, the authority upon which defendant relies is inapposite. First, the quotation defendant cites from United State v. D'Andrea, 585 F.2d 1351, 1363 (7th Cir.1978), cert. denied, 440 U.S. 983 (1979), is taken from the dissent.[2] Second, although defendant hyperbolizes that "the testimony of the Government's key witness, Melissa Brown/Friday is tainted by prosecutorial misuse of the subpoena power," his argument is mere speculation. He cites neither particular testimony nor evidence even suggesting how the denounced practice affected Ms. Friday's testimony or otherwise resulted in prejudicial error at trial. Nor has he informed us how the "taint" was manifest or what harm it produced. We therefore see no basis for reversal on this issue.
 
 
 10
 Finally, defendant raises several arguments regarding the propriety of his sentencing. He takes issue with the enhancement under 18 U.S.C. 924(e) because the government did not seek to amend the indictment to include a charge under that section. Instead, the prosecution gave written notice to defendant some twenty-two days after the filing of the charges that he was eligible for sentencing under 924(e). That notice described in detail the prior convictions upon which the government premised its contention and a recital of the possible punishments that could devolve from conviction.
 
 
 11
 Defendant's argument overlooks the fact the last clause in the indictment charges defendant's acts were "in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1)." (emphasis added). Although the provisions of 924(e) relate to sentence enhancement and not a substantive, separate criminal charge, Gregg, 803 F.2d at 570, notice of their applicability was provided in the indictment, contrary to defendant's argument. The combination of the indictment and the government's notice of eligibility gave the defendant ample notice.[3]
 
 
 12
 Next, defendant raises several contentions regarding the validity of the New Mexico juvenile conviction which constitutes one of the three offenses upon which the enhanced sentence was based. First, he contends there is an "utter derth (sic) of supporting documentation." Second, he asserts the New Mexico conviction is an improper predicate because it fails to meet the definition of 924(g). Finally, he claims New Mexico law provides a juvenile conviction is expunged after the offender reaches majority and, therefore, that conviction cannot be used for enhancement purposes. Those arguments were not the focus of claims he made in the district court, however.
 
 
 13
 There, the principal argument defendant advanced in support of his objection to enhancement was that Congress does not "have the power to tell New Mexico how it may or may not deal with its juveniles." The gist of this contention was because New Mexico law permits the expungement of a juvenile conviction, Congress is without legislative authority (assumably under the Tenth Amendment) to permit use of such a conviction for the purpose of enhancement. Moreover, defendant's counsel agreed with the district court, "The legal issue is simply defined as this, whether or not a sentencing federal court under the enhancement statute can take into consideration a juvenile conviction that has been expunged by its state."
 
 
 14
 Neither side has provided us with direct authority to aid our analysis, nor have we found any.[4] A number of courts have addressed the question of the use of a juvenile conviction for sentence enhancement, but none has considered the exact argument raised by defendant. A similar question was presented in United States v. Bucaro, 898 F.2d 368 (3d Cir.1990), however.
 
 
 15
 There the defendant contended the use of a juvenile conviction as a sentence enhancement was a denial of due process because doing so was "inconsistent with the nature of juvenile proceedings under Pennsylvania law." Id. at 372. The contention was based on the premise the state law provides juvenile proceedings are not to be used against individuals in later criminal cases. Moreover, the defendant contended, use of the juvenile conviction "circumvented" the intent of the juvenile law and was inconsistent with promises given him during the juvenile procedure. Although concluding some of the defendant's arguments were inconsistent with state law, the Third Circuit nonetheless held the use of the juvenile record for sentence enhancement was not precluded by due process considerations. Id. at 373.
 
 
 16
 That authority notwithstanding, we believe the issue raised here is really one of semantics, not constitutional law. We simply do not see this as a Tenth Amendment issue because the effect of 924(g) is not what defendant contends it to be. While defendant would have us believe the statute deprives the state of dealing with juvenile offenders in accord with its own policy, that is not its effect. Simply put, the federal statute merely permits a sentencing federal court to take the fact of juvenile criminal conduct into consideration, if it meets certain criteria, when sentencing for a federal offense. In substance, the sentencing court is permitted to consider conduct never recognized as criminal by the state. The federal law has no bearing upon the state, nor does it conflict with the state's police power.
 
 
 17
 In the district court defendant also contended, as he does here, the proof of that conduct was not sufficient. The evidence of this conviction was set forth in the presentence report. After noting defendant had been charged with Armed Robbery, Aggravated Burglary, and Auto Theft and, after a plea agreement, sentenced to a term of 10 to 50 years on the Armed Robbery Count, the probation officer stated:
 
 
 18
 No judgment and commitment order exists in this case because all juvenile records in the state of New Mexico are destroyed when the juvenile offender reaches age 22. Evidence used to support this conviction includes the defendant's own admission of his conviction and incarceration to U.S. Probation Officer Jerry Baines, which was included in the Pretrial Services report. When asked in open court, Crawford advised that he had no objection to the Pretrial Services report. Additional evidence includes the defendant's admission to this officer . ...
 
 
 19
 (emphasis added). During the sentencing hearing, defendant did not deny the New Mexico juvenile conviction or the validity of the presentence report. When pressed by the court about defendant's admissions, his counsel contended they were made in an effort to secure bail. He admits before disclosing his criminal record defendant signed an advisement form which, in part, contained this statement:
 
 
 20
 If I am found guilty, ... the information that I provide will be made available to a U.S. Probation Officer for the purpose of preparing a presentence report and may affect my sentence. For instance, information about ... prior criminal conduct ... may increase my sentence.
 
 
 21
 (emphasis added). This advisement notwithstanding, counsel now argues defendant's disclosures were not informed and thus involuntarily given.[5] He offers no evidence in support of these arguments. Defendant also contends the New Mexico convictions cannot be used because there is no "documentation" to support them.
 
 
 22
 The district court summarily dismissed the contention the admissions were given without proper advisement. We agree. The advisement speaks for itself, and defendant offered nothing to show he misunderstood its terms. This argument is specious.
 
 
 23
 The same can be said for defendant's contention regarding the absence of a judgment of conviction or other document from New Mexico. Defendant does not dispute the fact of the conviction. Indeed, he admits it. Thus, there is no doubt that he has committed, and has been convicted of, armed robbery; nor is there doubt that crime, punishable in New Mexico by imprisonment for more than one year if committed by an adult (N.M. Stat. Ann. 30-16-2), is a violent felony justifying the sentence enhancement.
 
 
 24
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Counsel disingenuously refers to the quote as "the dissenting Court." He fails to note, however, the majority concluded the practice did not result in reversible error
 
 
 [3]
 We do not imply, however, that inclusion of the enhancement was required in the indictment. We merely observe that it was done
 
 
 [4]
 United States v. Beaulieau, 959 F.2d 375, 380 (2d Cir.1992), is inapposite because here the juvenile conviction was not taken into account to calculate defendant's criminal history in the presentence report
 
 
 [5]
 The statement also advised defendant he was under no obligation to give information or answer any questions of the probation officer