**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 8 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAVID WAYNE CRAWFORD,

Defendant-Appellant.

No. 98-5163
(D.C. No. 97-CV-302-E
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, the panel has determined oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  Therefore, the case is ordered submitted without oral argument.

Defendant David Wayne Crawford seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set

---

[*]  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

aside, or correct his sentence. We deny a certificate of appealability and dismiss the appeal.

Crawford was convicted in November 1993 of possession of a firearm after former conviction of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court, acting pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), sentenced Crawford to 270 months' imprisonment. Crawford's conviction and sentence were affirmed on direct appeal. United States v. Crawford, 52 F.3d 338, 1995 WL 238324 (10th Cir. 1995) (table).

On April 2, 1997, Crawford filed a pro se § 2255 motion to vacate, set aside, or correct his sentence. He challenged the district court's use of a prior New Mexico state juvenile conviction as one of the three predicate offenses for application of the Armed Career Criminal Act. More specifically, the motion alleged records from the juvenile conviction had been sealed and thus effectively expunged under New Mexico state law, and the district court was therefore prohibited from relying on the conviction for purposes of the Act. The district court denied the motion, concluding Crawford had raised the identical issue on direct appeal and was thus barred from relitigating it via a § 2255 motion.

After obtaining and reviewing a copy of the appellate brief Crawford filed on direct appeal, as well as our court's opinion disposing of his direct appeal, we conclude the issue Crawford now raises in his § 2255 motion was previously

asserted on direct appeal and was effectively decided against him. Because we find no basis for revisiting that issue, see United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) (refusing to consider arguments raised in a § 2255 proceeding that had been previously raised on direct appeal); United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989) (absent intervening change in law of circuit, issues disposed of on direct appeal generally will not be considered in a § 2255 collateral attack), we deny Crawford's application for a certificate of appealability. See 28 U.S.C. § 2253(c)(2) (requiring applicant for certificate of appealability to make "a substantial showing of the denial of a constitutional right").

The application for a certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-3-