**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4842**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

MARION W. CARTER, JR.,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (3:13-cr-00004-JRS-1)

Submitted: May 30, 2014          Decided: June 5, 2014

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Robert J. Wagner, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Peter S. Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Marion W. Carter, Jr., was convicted of two counts of robbery affecting commerce, in violation of 18 U.S.C. § 1951(a) (2012), two counts of possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (2012), one count of attempted robbery, in violation of 18 U.S.C. § 1951(a), and one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Carter challenges the sufficiency of the evidence supporting all but the felon in possession of ammunition conviction. We affirm.

The denial of a motion for a judgment of acquittal is reviewed de novo. United States v. Strayhorn, 743 F.3d 917, 921 (4th Cir. 2014), cert. denied, 2014 WL 1714559 (May 27, 2014). We review the sufficiency of the evidence by determining whether there is substantial evidence in the record, when viewed in the light most favorable to the Government, to support the conviction. Id. Substantial evidence is evidence that a reasonable factfinder could accept as adequate and sufficient to support the finding that the defendant is guilty beyond a reasonable doubt. United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011). We assume that the factfinder resolved all contradictions in the testimony in favor of the Government. United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008).

2

We must determine whether any reasonable trier of fact could have found the essential elements beyond a reasonable doubt. United States v. Madrigal-Valadez, 561 F.3d 370, 374 (4th Cir. 2009). The focus for the court is on the complete picture created by the evidence. United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996) (en banc). We consider both circumstantial and direct evidence, drawing all reasonable inferences from such evidence in the Government's favor. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). "[A]s a general proposition, circumstantial evidence may be sufficient to support a guilty verdict even though it does not exclude every reasonable hypothesis consistent with innocence." United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008) (conspiracy to commit robbery) (alteration and quotation marks omitted); see also United States v. Robinson, 177 F.3d 643, 648 (7th Cir. 1999) (robbery conviction supported by circumstantial evidence); United States v. Taylor, 605 F.2d 1177, 1178 (10th Cir. 1979) (same). If the evidence supports different interpretations, the jury decides which interpretation to believe. Burgos, 94 F.3d at 862. We can reverse a conviction based on insufficient evidence only when "the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted).

"A Hobbs Act violation requires proof of two elements: (1) the underlying robbery or extortion crime, and (2) an effect on interstate commerce." United States v. Williams, 342 F.3d 350, 353 (4th Cir. 2003). The Hobbs Act defines robbery as "the unlawful taking or obtaining of personal property from the person . . . by means of actual or threatened force, or violence, or fear of injury . . . to his person or property . . . at the time of the taking or obtaining." 18 U.S.C. § 1951(b)(1).

Brandishing a firearm under 18 U.S.C. § 924(c)(1) requires the showing of two elements: (1) the defendant possessed and brandished a firearm, and (2) the defendant did so during and in relation to a drug trafficking offense or crime of violence. Strayhorn, 743 F.3d at 922; United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997).

After viewing the evidence as a whole, we conclude that there was sufficient evidence to support the jury's finding that Carter was the person responsible for the two robberies and the attempted robbery, and that he brandished a firearm during the two robberies. The jury was entitled to reject his alibi defense for one of the robberies and his claim that there was another suspect for the attempted robbery. It is the jury's function to weigh the credibility of witnesses and to resolve conflicts in the evidence. United States v. Dinkins, 691 F.3d

4

358, 387 (4th Cir. 2012), <u>cert. denied</u>, 133 S. Ct. 1278 (2013). The jury's determinations regarding witness credibility and conflicting evidence will not be disturbed if supported by substantial evidence, even if we were to draw contrary inferences. <u>United States v. Gomez-Jimenez</u>, __ F.3d __, 2014 WL 1623072, at *6 (4th Cir. 2014).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>